UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| SAUL CORTES CAMPOS, | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:25-cv-875 |
| -v- | ) | |
| | ) | Honorable Paul L. Maloney |
| CASTERDEPOT, INC. and MICHAEL PLONT, | ) | |
| Defendants. | ) | |
| | ) | |

### ORDER DENYING MOTION TO FILE SETTLEMENT UNDER RESTRICTED ACCESS

Plaintiff Saul Campos alleges Defendants violated the Fair Labor Standards Act. Campos filed his complaint as a collective action. The parties reached a settlement to resolve Campos's claims only. As a condition of the settlement, Defendants insist that the agreement remain confidential. The parties filed a motion for the court to approve the settlement (ECF No. 16). The parties seek leave to file the settlement agreement under restricted access (ECF No. 19). The court will deny the motion for leave to file the settlement agreement under restricted access and, therefore, will deny the motion to approve the settlement without prejudice.

Courts have "long recognized" the "strong presumption" that court records should be open. *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (citation omitted). The party seeking to shield court records from the public bears a heavy burden to overcome that presumption. *Id.* "Only the most compelling reasons can justify non-disclosure of judicial records." *Id.* (quoting *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). The party seeking to seal records must, therefore,

"analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002)).

The high burden of justifying secrecy of court records features prominently in FLSA settlements. "A confidentiality provision in an FLSA settlement agreement both contravenes the legislative purpose of the FLSA and undermines the Department of Labor's regulatory effort to notify employees of their FLSA rights." *Steele v. Staffmark Investments, LLC*, 172 F. Supp. 3d 1024, 1031 (W.D. Tenn. 2016) (quoting *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1242 (M.D. Fla 2010)). One court in the Sixth Circuit found that the "overwhelming body of law on this issue is in favor of filing FLSA settlement agreements on the public docket." *Stanley v. Turner Oil & Gas Props., Inc.*, No., 2:16cv386, 2017 WL 5068444, at *2 (S.D. Ohio July 24, 2017); *see Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 340 (S.D.N.Y. 2012) ("By contrast, the courts that have expressly considered the question have held overwhelmingly, if not unanimously, that the presumption of public access applies to FLSA settlements.").

The court finds that the parties have not met their burden to justify hiding the terms of the settlement from the public. First, because the court must approve the settlement, the agreement is subject to the presumption of public access to judicial documents. *Smolinski v. Ruben & Michelle Enters., Inc.*, No. 16cv13612, 2017 WL 835592, at *1 (E.D. Mich. Mar. 3, 2017). Second, Defendant's desire to keep the terms of the settlement does not, by itself, justify doing so. *Wolinsky*, 900 F. Supp. 2d at 338. The fact that the settlement resolves the dispute with a single employee does not overcome the presumption of openness.

For these reasons, the court **DENIES** the parties' motion to restrict access to the settlement agreement (ECF No. 19). And because the court denies the request to restrict access, the court **DENIES without prejudice** the parties' motion to approve the settlement agreement (ECF No. 16). Pending further order of the court, the proposed agreement will remain in the record with access restricted to the parties and the court. **IT IS SO ORDERED.**

Date:   February 2, 2026                                        /s/  Paul L. Maloney
                                                                Paul L. Maloney
                                                                United States District Judge